IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| A.O.J., : | |
| : | |
| Petitioner, : | |
| : | |
| v. : | CASE NO. 4:20-CV-252-CDL-MSH |
| : | 28 U.S.C. § 2241 |
| Warden, STEWART DETENTION : | |
| CENTER, *et al.*, : | |
| : | |
| Respondents. : | |

## ORDER AND RECOMMENDATION

Pending before the Court is Respondents' motion to dismiss Petitioner's application for habeas corpus relief (ECF Nos. 10, 1). Also pending is Petitioner's motion to appoint counsel (ECF No. 3). For the reasons explained below, it is recommended that Respondents' motion to dismiss be granted. Petitioner's motion for appointment of counsel is denied.

## BACKGROUND

Petitioner, a native and citizen of Jamaica, was taken into U.S. Immigration and Customs Enforcement ("ICE") custody sometime in 2019.[1] Resp'ts' Ex. A, at 2, ECF No. 10-1; Resp'ts' Mot. to Dismiss 2, ECF No. 10. After an immigration judge ("IJ") ordered his removal, Petitioner appealed to the Board of Immigration Appeals ("BIA"), which originally dismissed his appeal on May 27, 2020. Resp'ts' Ex. A, at 2, 4. On June 26,

---

[1] Petitioner alleges he has been in ICE custody since September 2019. Pet. 6, ECF No. 1. Respondents assert he has been detained since April 2019. Resp'ts' Mot. Dismiss 2.

2020, Petitioner filed a petition for review with the United States Court of Appeals for the Eleventh Circuit.  Petition, *Johnson v. U.S. Att'y Gen.*, No. 20-12387-E  (11th Cir. June 26, 2020).  He also filed a motion to stay his removal, and on July 16, 2020, the Eleventh Circuit granted a temporary stay pending resolution of the motion.  Resp'ts' Ex. C, at 2.

Petitioner filed his habeas application (ECF No. 1) in the United States District Court for the Southern District of California on October 5, 2020, along with a motion for appointment of counsel (ECF No. 3).[2]  After Petitioner complained that he never received a copy of the BIA's decision dismissing his appeal, the BIA reissued its order of dismissal on October 14, 2020, stating that its "order of May 27, 2020 . . . is hereby reissued and shall be treated as entered on today's date."  Resp'ts' Ex. B, at 3, ECF No. 10-2.  On October 19, 2020, the Southern District of California transferred his habeas application to this Court.  Order 5, ECF No. 5-1.  Respondents moved to dismiss (ECF No. 10) Petitioner's habeas application on October 22, 2020.  On the same day, the Court notified Petitioner of his right to respond to Respondents' motion within thirty days.  Order 2, Oct. 22, 2020, ECF No. 11.  Petitioner, however, did not respond to the motion.  On November 10, 2020, the Eleventh Circuit denied Petitioner's motion to stay his removal and lifted its temporary stay.  Order 2, *Johnson v. U.S. Att'y Gen.*, No. 20-12387-E  (11th Cir. Nov. 10, 2020).  It dismissed his petition for review two days later for failure to pay the filing fee.

---

[2] Although the Southern District of California received the habeas application on October 9, 2020, Petitioner signed it on October 5, 2020. Pet. 11.  "Under the prison mailbox rule, a *pro se* prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing." *United States v. Glover*, 686 F.3d 1203, 1205 (11th Cir. 2012) (internal quotation marks omitted). "Unless there is evidence to the contrary, like prison logs or other records, we assume that a prisoner's motion was delivered to prison authorities on the day he signed it." *Id.*

2

Order 2, *Johnson v. U.S. Att'y Gen.*, No. 20-12387-E (11th Cir. Nov. 12, 2020). Respondents' motion to dismiss and Petitioner's motion for appointment of counsel are ripe for review.

## DISCUSSION

### I.     Respondents' Motion to Dismiss

In his habeas application, Petitioner alleges he is entitled to release under 8 U.S.C. § 1231(a)(6) and *Zadvydas v. Davis*, 533 U.S. 678 (2001). Pet. 7-8. He also contends that his continued detention violates his substantive and procedural due process rights under the Due Process Clause of the Fifth Amendment. *Id.* at 8-9. Respondents move to dismiss Petitioner's application, contending that his detention is mandated by 8 U.S.C. § 1231(a) and any claim for relief pursuant to *Zadvydas* is premature. Resp'ts' Mot. to Dismiss 3-5. The Court agrees. Under section 241(a) of the INA, 8 U.S.C. § 1231(a), "when an alien is ordered removed," the Attorney General "shall" remove the alien within ninety days. 8 U.S.C. § 1231(a)(1)(A). This removal period begins to run on the latest of:

> (i) The date the order of removal becomes administratively final.
> (ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.
> (iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

8 U.S.C. § 1231(a)(1)(B). Detention during the ninety-day removal period is mandatory. 8 U.S.C. § 1231(a)(2). Moreover, there is a provision allowing for continued detention if the Government is unable to remove the alien during the ninety-day period. It states:

> An alien ordered removed who is inadmissible under section 1182 of this title, removable under section 1227(a)(1)(C), 1227(a)(2), or 1227(a)(4) of this title or who has been determined by the Attorney General to be a risk to

3

>the community or unlikely to comply with the order of removal, may be detained beyond the removal period and, if released, shall be subject to the terms of supervision in [§ 1231(a)(3)].

8 U.S.C. § 1231(a)(6).

By its explicit terms, § 1231(a)(6) does not limit the length of detention for an alien detained under that section. In *Zadvydas*, however, the United States Supreme Court applied the doctrine of constitutional avoidance to "read an implicit limitation into the statute." 533 U.S. at 689. The Supreme Court held that § 1231(a)(6) authorizes post-removal-order detention only for a period "reasonably necessary" to accomplish the alien's removal from the United States. *Id.* at 699-700. The Court recognized six months as a presumptively reasonable period of time to allow the government to accomplish such removal. *Id*. at 701. The Court of Appeals for the Eleventh Circuit has explained that to be entitled to release under *Zadvydas*, an alien must show: "(1) that the six-month period, which commences at the beginning of the statutory removal period, has expired when the § 2241 petition is filed; and (2) evidence of a good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Gozo v. Napolitano*, 309 F. App'x 344, 346 (11th Cir. 2009) (per curiam) (quotation marks omitted); *see also Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 (11th Cir. 2002) (per curiam) ("[I]n order to state a claim under *Zadvydas* the alien . . . must show post-removal order detention in excess of six months [and] also must provide evidence of a good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future.").

In order to determine if the six-month requirement under *Zadvydas* has been

4

satisfied, the Court must determine when the statutory removal period begins. There can be more than one removal period under 8 U.S.C. § 1231(a)(1)(B), and "the only way to determine when the removal period begins, or began, is to look at what events already have occurred. If there is another potential event, there is another potential beginning date for the removal period." *Michel v. I.N.S.*, 119 F. Supp. 2d 485, 498 (M.D. Pa. 2000); *see Karimi v. Holder*, No. 4:12-cv-0669-RDP-RRA, 2012 WL 1745551, at *3 (N.D. Ala. Apr. 18, 2012), *recommendation adopted by* 2012 WL 1746326 (N.D. Ala. May 14, 2012) (noting "original *Zadvydas* period" ended upon petitioner's filing of motion to reopen with the BIA and "began anew" upon the BIA's denial of the motion); *Pierre v. Mukasey*, No. 08-6286 (PGS), 2009 WL 464444, at *2 (D.N.J. Feb. 24, 2009) (noting that later occurrence of an event listed in § 1231(a)(1)(B) is a "superseding event" that "start[s] the alien's removal period anew").

    Here, Petitioner entered his first removal period when the BIA dismissed his appeal on May 27, 2020, rendering his removal order administratively final.[3] 8 U.S.C. § 1231(a)(1)(B)(i); 8 C.F.R. § 1241.1(a) (providing that removal order becomes final "[u]pon dismissal of an appeal by the [BIA]"). That removal period ended, however, when Petitioner filed a petition for review with the Eleventh Circuit and obtained a stay of removal, and a new one began upon the Eleventh Circuit's lifting of the stay and dismissal

---

[3] The Court need not address the significance, if any, of the BIA's reissuance of its dismissal of Petitioner's appeal on October 14, 2020, since it has no effect on the Court's analysis. As explained herein, Petitioner's most recent removal period began—at the earliest—on November 10, 2020, when the Eleventh Circuit lifted its stay of removal. Order 2, *Johnson v. U.S. Att'y Gen.*, No. 20-12387-E (11th Cir. Nov. 10, 2020).

of the petition for review. 8 U.S.C. § 1231(a)(1)(B)(ii). The lifting of the stay and dismissal of the petition were two days apart, but at the earliest, Petitioner entered this new removal period on November 10, 2020, when the stay was lifted. Order 2, *Johnson v. U.S. Att'y Gen.*, No. 20-12387-E (11th Cir. Nov. 10, 2020). Thus, Petitioner is only approximately three months into his statutory removal period, which is well short of the six months required to state a claim under *Zadvydas*.[4]

As for Petitioner's separate substantive and procedural due process challenges to the length of his detention, *Zadvydas* forecloses those claims. In *Zadvydas*, the Court interpreted § 1231(a)(6) so as to avoid a Fifth Amendment Due Process Clause violation. 533 U.S. at 689-90. Thus, if an alien fails to show detention in excess of six month, then a due process claim must fail. *See Thompson v. Horton*, 4:19-cv-00120-AKK-HNJ, 2019 WL 4793170, at *12 (N.D. Ala. Aug. 26, 2019), *recommendation adopted by* 2019 WL 4750072 (N.D. Ala. Sept. 30, 2019) ("[A]ny due process argument lodged by [the petitioner] falls under *Zadvydas*. Due to the applicability of *Zadvydas* and *Akinwale*, the

---

[4] At the time Respondents filed their motion to dismiss, the Eleventh Circuit had neither lifted its stay nor dismissed Petitioner's petition for review. Thus, Petitioner was still in his first removal period resulting from the BIA's dismissal of his appeal. 8 U.S.C. § 1231(a)(1)(B)(i); 8 C.F.R. § 1241.1(a). Nevertheless, Petitioner's application was premature even during this first removal period. Petitioner filed his habeas application on October 5, 2020. Pet. 11. Giving Petitioner the benefit of the earliest possible beginning date of the first statutory removal period—May 27, 2020—he had been detained post-final order of removal for only a little more than four months. In reality, though, the length of detention credited for a *Zadvydas* analysis would have been far less since Petitioner's filing of the motion to stay with the Eleventh Circuit tolled the removal period. *See Akinwale*, 287 F.3d at 1052 n.4 (noting that petitioner "interrupted the running of time under *Zadvydas*" by moving for a stay of deportation in the circuit court); *see also Fahim v. Ashcroft*, 227 F. Supp. 2d 1359, 1364 n.4 (N.D. Ga. 2002) ("[T]he Court does not read *Akinwale* as holding that it was the actual granting of a stay that prompted the court to conclude that the running of the period of detention had been tolled. Indeed, the statute cited by the panel provides for an extension of the removal period whenever the alien 'acts' to prevent his removal, not just when he succeeds." (citing 8 U.S.C. § 1231(a)(1)(C))).

appropriate inquiry to allay a potential due process violation does not manifest until the six-month period of detention expires."); *Davis v. Rhoden*, No. 19-20082-CV-SCOLA, 2019 WL 2290654, at *8 (S.D. Fla. Feb. 26, 2019), *recommendation adopted by* 2019 WL 2289624 (S.D. Fla. May 29, 2019) ("[T]he framework in *Zadvydas*, which was designed to avoid constitutional infirmity under the Fifth Amendment's Due Process Clause, appears to provide Petitioner with all the process that is due.").

Petitioner also raises a procedural due process claim that he has been denied a "meaningful opportunity to demonstrate that he should not be detained." Pet. 9. Specifically, he asserts that Respondents have failed "to provide a neutral decision-maker" to review his continued detention and that they have "failed to acknowledge or act upon Petitioner's administrative mechanism in place for the Petitioner to demand a decision, ensure that a decision will ever be made, or appeal a custody decision that violates *Zadvydas*."[5] Pet. 9. Petitioner's argument that custody reviews must be conducted by a neutral arbiter has been rejected. *See Garcia Uranga v. Barr*, No. 20-3162-JWL, 2020 WL 4334999, at *8 (D. Kan. July 28, 2020) (collecting cases rejecting argument that custody reviews must be conducted by a neutral decision maker). As for Petitioner's contention that Respondents have failed to provide an administrative mechanism to address a *Zadvydas* violation, he is not entitled to any such mechanism until a *Zadvydas* violation has occurred, which, as discussed above, has not. *See Hlimi v. Holder*, Nos. 13-3210 (KM), 13-3691(KM), 2013 WL 4500324, at *4 (D.N.J. Aug. 20, 2013) (rejecting due process

---

[5] Custody review procedures for aliens held under 8 U.S.C. § 1231(a)(6) are governed by 8 C.F.R. § 241.4(h).

claim premised on failure to provide a hearing on post-removal period detention, noting that under *Zadvydas*, "an alien is not entitled to a hearing unless he has been detained beyond the presumptively reasonable six month period *and* he alleges facts showing that there is no significant likelihood of removal in the reasonably foreseeable future" (citing *Zadvydas*, 533 U.S. at 701)). Therefore, the Court **RECOMMENDS** that Respondents' motion to dismiss Petitioner's habeas application be **GRANTED**.

## II. Petitioner's Motion to Appoint Counsel

While this case remained pending in the Southern District of California, Petitioner filed a motion for appointment of counsel (ECF No. 3). It does not appear this motion was ever ruled on. Under 28 U.S.C. § 1915(e)(1), the district court "may request an attorney to represent any person unable to afford counsel." However, there is "no absolute constitutional right to the appointment of counsel." *Poole v. Lambert*, 819 F.2d 1025, 1028 (11th Cir. 1987) (per curiam). Appointment of counsel is a privilege that is justified only by exceptional circumstances. *Lopez v. Reyes*, 692 F.2d 15, 17 (5th Cir. 1982). In deciding whether legal counsel should be provided, the Court should consider, among other factors, the merits of Petitioner's claim and the complexity of the issues presented. *Holt v. Ford*, 862 F.2d 850, 853 (11th Cir. 1989). Petitioner has set forth the essential factual allegations underlying his claims, and the applicable legal doctrines are readily apparent. Petitioner, therefore, has not alleged the exceptional circumstances justifying appointment of counsel under *Holt*. Accordingly, his motion for appointment of counsel (ECF No. 3) is **DENIED**.

## CONCLUSION

For the foregoing reasons, it is recommended that Respondents' motion to dismiss

(ECF No. 10) be granted and Petitioner's application for habeas relief (ECF No. 1) be dismissed without prejudice. Petitioner's motion for appointment of counsel (ECF No. 3) is denied. Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this Recommendation, or seek an extension of time to file objections, within fourteen (14) days after being served with a copy hereof. The district judge shall make a *de novo* determination of those portions of the Recommendation to which objection is made. All other portions of the Recommendation may be reviewed for clear error.

The parties are hereby notified that, pursuant to Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."

SO RECOMMENDED, this 2nd day of February, 2021.

/s/ Stephen Hyles
UNITED STATES MAGISTRATE JUDGE